On Application for Rehearing
PER CURIAM.
On February 4, 1957 this Court rendered its opinion in 'the -above entitled matter and thereafter the defendant-appellant timely filed his application for a rehearing, on same.
On March 8, 1957 defendant-appellant supplementing his original application for a rehearing asked leave of the Court to-“orally argue his application for a rehearing, and after due consideration given to same, that a rehearing be granted herein and finally that the judgment of the Lower Court be reversed and set aside.”
*332 On March 12, 1957 defendant-appellant filed an exception of no right and no cause of action, the basis of which being, want of verification or defective verification to plaintiff’s-appellee’s original petition filed in the Lower Court.
As to the motion asking leave to orally argue.the application for a rehearing we wish to point out that the rules of this Court as well as that of the Supreme Court of this state specifically provide that oral argument will not be allowed in support of or in opposition to an application for a rehearing and for that reason same is denied; See Rule 11, Section 4 of Supreme Court Rules and Rules of Court of Appeal, First Circuit, Page 662 of West’s LSA Revised Statutes Vol. 8.
As to the exception of no right and of no cause of action based on the want of verification or defective verification of plaintiff’s original petition filed in the Lower Court, we wish to specifically point out that according to the Pleadings and Practice Act now incorporated in the LSA Revised Statutes of 1950 as 13:3601(5), Paragraph (b) provides as follows:
“Want of verification or defective verification must be taken advantage of, if at all, in the case of a petition by exception filed in limine litis, and in all such cases the court may in its discretion, allow the verification to be supplied or amended upon terms as to the payment of costs, or otherwise, as it may deem proper.”
See also Bond v. Texas & P. Ry. Co., 181 La. 763, 160 So. 406.
Defendant-appellant has only seen fit to attack the verification in this appellate court and failed to raise the issue in limine litis. Therefore, for the above and foregoing reasons said exception is overruled.
On the application for a rehearing and after studying same it is likewise refused..
Application for rehearing refused.